UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

THOMAS WARREN CHADWICK,
CHERYL LYNNE CHADWICK,

        Plaintiffs,

vs.

PNC MORTGAGE,
PNC BANK, N.A., and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

        Defendants.

Case No.: 14-cv-00730
Hon. Robert J. Jonker

---

Michael O. Nelson (P23546)
1104 Fuller NE
Grand Rapids, MI 49503
(616) 559-2665
Attorney for Plaintiffs

CLARK HILL PLC
William G. Asimakis, Jr. (P46155)
Bethany G. Stawasz (P75578)
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
(313) 965-8300
Attorneys for Defendants

---

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

In their Response to Defendants' Motion for Summary Judgment, Plaintiffs provide no reason for why PNC was not entitled to foreclose its Mortgage interest in the subject Property. There is no dispute in this case that Plaintiffs borrowed money from PNC, that Plaintiffs failed to repay the money, that PNC was entitled to foreclose under the Loan documents, and that PNC complied with all statutory notice requirements prior to conducting the foreclosure. There further is no dispute that, pursuant to Mich. Comp. Laws Ann. §§ 600.3205a *et seq.*, PNC provided notice to Plaintiffs of their right to meet with PNC to discuss a potential Loan modification, that PNC held such a meeting with Plaintiffs, that Plaintiffs submitted certain materials in support of their application for a Loan modification, and that PNC denied that application. Plaintiffs' only complaint here is that they didn't ultimately receive a Loan modification. Importantly, however, there has never been any requirement under Michigan law that a mortgage lender provide a borrower with a loan modification. Rather, even where a lender did not comply with Mich. Comp. Laws Ann. §§ 600.3205a *et seq.*, the foreclosure could still proceed judicially under Mich. Comp. Laws Ann. § 600.3100 *et seq.* Mich. Comp. Laws Ann. § 600.3205c(8).

Now, having effectively conceded that absent a showing of some fraud or irregularity in the foreclosure procedure Plaintiffs' claims are barred by the expiration of the statutory redemption period, Plaintiffs make two arguments. First, they argue that there is a question as to whether PNC properly analyzed them for a Loan modification under Mich. Comp. Laws Ann. §§ 600.3205a – 600.3205d. Second, they argue that PNC's foreclosure counsel allegedly misrepresented that PNC would not foreclose until after it made a decision on Plaintiffs' request for a Loan modification. As more fully set forth below, neither of these arguments is availing. First, even if there were some dispute over whether PNC complied with its obligations under the

1

loan modification statutes when evaluating Plaintiffs for a modification (which PNC does not concede), Michigan law is abundantly clear that non-compliance with the loan modification statutes is not a "defect" or "irregularity" that can justify setting aside a foreclosure. Second, even assuming that PNC's foreclosure counsel made the statement attributed to him by Plaintiffs, pursuant to the undisputed timing of events, the statement was, in fact, *true*. Moreover, Plaintiffs cannot rely upon an alleged oral representation under the applicable statute of frauds. In short, Plaintiffs provide the Court with no reason why it should set aside the subject foreclosure sale.

A. **Michigan law is well-settled that an alleged failure to comply with the loan modification statutes is not a "defect" or "irregularity" in the foreclosure procedure and Plaintiffs' reliance on the abrogated *Mitan* case is misplaced.**

As explained in Defendants' principal brief, Michigan law is well-settled on the point that an alleged failure to comply with the statutory scheme formerly set forth at Mich. Comp. Laws Ann. § 600.3205 *et seq.* does not constitute a "defect" or "irregularity" permitting a borrower to challenge a completed foreclosure after the expiration of the statutory redemption period. Plaintiffs' reliance on *Mitan v. Federal Home Loan Mortgage Corporation*, 703 F.3d 949 (6th Cir. 2012), to argue the contrary is misplaced. The United States Court of Appeals for the Sixth Circuit recognized that *Mitan* is no longer good law in *Saco v. Deutsche Bank Nat'l Trust Co.*, 595 Fed. App'x 500, 501 (6th Cir. 2014). In *Saco*, the Sixth Circuit rejected the plaintiff borrowers' argument that violation of the statutory scheme set forth at Mich. Comp. Laws Ann. §§ 600.3205a – 600.3205d was an "irregularity" or "defect" sufficient to set aside a foreclosure sale following the expiration of the redemption period. The court reasoned that the now-repealed loan modification statutes "created a limited and exclusive remedy for violations: judicial supervision of a pending foreclosure proceeding" under Mich. Comp. Laws Ann. § 600.3205c(8) and, therefore, "[t]hat leaves ... the Sacos with no claim to bring." *Saco*, 595 Fed. App'x at 501.

The Sixth Circuit reached the same result again in *Gjokaj v. HSBC Mortgage Servs, Inc.*, 2015 U.S. App. Lexis 3463 (6th Cir. Feb. 27, 2015), in which the court affirmed dismissal of the plaintiff borrowers' complaint seeking to set aside a foreclosure after the expiration of the statutory redemption period for an alleged violation of Mich. Comp. Laws Ann. §§ 600.3205a – 600.3205d. In *Gjokaj*, the court held plainly that "a violation of the loan modification statute does not amount to a fraud or irregularity in the foreclosure procedure itself." 2015 U.S. Dist. Lexis 3463, *6-7. Accordingly, under uniform decisional authority, Plaintiffs cannot rely on an alleged violation of Mich. Comp. Laws Ann. § 600.3205 *et seq.* to avoid the expiration of the statutory redemption period.

B. **Plaintiffs cannot rely on the indisputably true statement attributed to PNC's foreclosure counsel to avoid the expiration of the statutory redemption period.**

Plaintiffs assert in their Response that on October 23, 2012, PNC's foreclosure counsel falsely assured them that no foreclosure sale would take place until PNC was done reviewing their then-pending application for a Loan modification. (Doc. # 31, Pls' Response Brief, p. 3). There can be no dispute, however, that the statement attributed to PNC's foreclosure counsel was, in fact, ***true***. PNC sent Plaintiffs notice on January 23, 2013 that it was denying their pending application for a Loan modification, discussed during the October 23, 2012 meeting. (Doc. #25, Brief in Support of Defs' Motion, Ex. R, 1/23/13 Ltr to Pls). It is undisputed that no foreclosure took place before PNC denied the request. Accordingly, Plaintiffs cannot rely on this assertion to avoid the expiration of the redemption period.

Further, under the applicable statute frauds, Plaintiffs cannot rely on an alleged oral promise by PNC or its foreclosure counsel in support of any claim against Defendants. Under Mich. Comp. Laws Ann. § 566.132(2), "[a]n action shall not be brought against a financial institution to enforce … (b) A promise or commitment to renew, extend, modify, or permit a

3

delay in repayment or performance of a loan, extension of credit, or other financial accommodation," unless "the promise or commitment is in writing and signed with an authorized signature by the financial institution ...." In *Barclae v. Zarb*, 300 Mich. App. 455, 468 (Mich. Ct. App. 2013), the Michigan Court of Appeals held that this statutory provision "plainly states that a party is precluded from bringing a claim – no matter is label – against a financial institution to enforce the terms of an oral promise," including claims of fraud. (Internal quotation marks omitted).

It also bears noting that Plaintiff Thomas Chadwick's affidavit submitted in support of Plaintiffs' assertion that foreclosure counsel made such a statement is the *first* time such a statement has been raised in this litigation and is contrary to his deposition testimony that "I don't recall the substance" of the October 23, 2012 meeting with foreclosure counsel.[1] (Doc. # 25, Ex. C, 14:2-5). Indeed, during his deposition, Mr. Chadwick testified that he could not recall the substance of *any* conversation with *any* PNC employee or representative, or even with his housing counselor. (*Id.*, 12:6-15:7). The affidavit is contrary to his deposition testimony and, therefore, cannot be considered by the Court in opposition to Defendants' Motion. *Powell-Pickett v. A.K. Steel Corp.*, 549 Fed. App'x 347, 352 (6th Cir. 2013) (holding that a party cannot "duck [his] deposition, nor hold [his] cards in anticipation of later advantage" by presenting an affidavit in opposition to a motion for summary judgment regarding events that the party previously testified at his deposition he could not recall); *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (holding that a district court properly ignores an affidavit offering testimony contrary to that given by a party at his deposition where the party can offer no explanation for the disparity). Notably, the asserted representation was not alleged

---

[1] In his affidavit, Mr. Chadwick states that the meeting took place on October 23, 2013; this is presumably a typographical error.

4

in Plaintiffs' original Complaint or First Amended Complaint and was not disclosed in Plaintiffs' Discovery Responses. Plaintiff Cheryl Chadwick made no mention of any such statement in her deposition testimony when asked about the substance of Plaintiffs' discussion with foreclosure counsel during the October 23, 2012 meeting. (Doc. # 25, Ex. B, 46:2-47:1).

Respectfully Submitted,

By: /s/ Bethany G. Stawasz
CLARK HILL PLC
William G. Asimakis, Jr. (P46155)
Bethany G. Stawasz (P75578)
500 Woodward Ave., Ste. 3500
Detroit, Michigan 48226
(313) 965-8300
waskimakis@clarkhill.com
bstawasz@clarkhill.com
Attorney for Defendants

Dated: June 10, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2015, I caused to be electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.

Respectfully submitted,
CLARK HILL PLC

By: /s/ Bethany G. Stawasz
CLARK HILL PLC
William G. Asimakis, Jr. (P46155)
Bethany G. Stawasz (P75578)
500 Woodward Ave., Ste. 3500
Detroit, Michigan 48226
(313) 965-8300
waskimakis@clarkhill.com
bstawasz@clarkhill.com
Attorney for Defendants

Date: June 10, 2015